**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY LLOYD, | No. 20-35955 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05627-BHS |
| v. | |
| FITZWATER, Sgt.; LEWIS, C/O, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| MARK RUFENER, Chief, Kitsap County Jail; SENOVIA RIVAS, Nurse, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Washington state prisoner Larry Lloyd appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his action alleging violations of the Fourteenth Amendment and Americans with Disabilities Act ("ADA") arising from his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Lloyd's inadequate medical care claim under the Fourteenth Amendment because Lloyd failed to allege facts sufficient to show that he was at a substantial risk of suffering serious harm due to defendants' refusal to transfer him to the disability housing dorm. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (setting forth elements of a pretrial detainee's medical care claim under the Fourteenth Amendment); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (stating that on a Rule 12(b)(6) motion, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

This district court properly dismissed Lloyd's ADA claim seeking monetary damages because Lloyd failed to allege facts sufficient to show that defendants were deliberately indifferent to any need for accommodations. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2008) (discussing elements of an ADA claim, and the required showing of intentional discrimination to state a

2                                                                      20-35955

claim for damages; the test for intentional discrimination is deliberate indifference). Contrary to Lloyd's contention, the medical records he cites did not require physical therapy or that any exercises be done at night.

We reject as meritless Lloyd's contention that defendants violated jail policies by failing to transfer him.

**AFFIRMED.**